**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| Schlosser & Dennis, LLC, | ) | |
| | ) | |
| Plaintiff/Counterclaim | ) | |
| Defendant in N16C-05-190 RRC | ) | |
| and | ) | |
| Plaintiff in Court of Chancery | ) | |
| Action under 2017-0271-RRC | ) | |
| | ) | |
| v. | ) | C.A. No. N16C-05-190 RRC |
| | ) | (Consolidated Case) |
| Traders Alley, LLC, | ) | |
| | ) | |
| Defendant/Counterclaim | ) | |
| Plaintiff in N16C-05-190 RRC | ) | |
| and | ) | |
| Defendant in Court of Chancery | ) | |
| Action under 2017-0271-RRC | ) | |

Submitted: June 23, 2017
Decided: July 6, 2017

On Defendant's "Motion [for Partial Dismissal] of Plaintiff's First Amended Complaint" in the Superior Court. **GRANTED.**

On Defendant's Motion to Dismiss or Stay Plaintiff's Verified Complaint in the Court of Chancery. **MOTION TO DISMISS GRANTED IN PART, DENIED IN PART. MOTION TO STAY DENIED AS MOOT.**

1

# MEMORANDUM OPINION

Shawn P. Tucker, Esquire and Ryan T. Costa, Esquire, Drinker Biddle & Reath LLP, Wilmington, Delaware, Attorney for Plaintiff/Counterclaim Defendant Schlosser & Dennis, LLC.

Richard L. Abbott, Esquire, Abbott Law Firm, Hockessin, Delaware, Attorney for Defendant/Counterclaim Plaintiff Traders Alley, LLC.

COOCH, R.J.

## I. INTRODUCTION

Pending before the Court of Chancery and the Superior Court are Defendant Traders Alley, LLC's motions to dismiss Plaintiff Schlosser & Dennis, LLC's complaints in the respective courts. [1] The core issue in this case is whether Defendant's redevelopment plan, which has been approved by the City of Newark, constitutes a repudiation that places Defendant in breach of an easement agreement relating to parking between Plaintiff and Defendant. Plaintiff has pleaded claims for breach of contract (with the requested remedy of equitable rescission), a declaratory judgment, and a permanent injunction against Defendant. All claims (duplicative and non-duplicative) have been raised in Plaintiff's complaints filed in both the Superior Court and the Court of Chancery.

Without needing to address the adequacy of the pleadings in the Superior Court action, the Superior Court finds that Plaintiff's claims for breach of contract and injunctive relief in its First Amended Complaint in the Superior Court request equitable remedies that the Superior Court lacks subject matter jurisdiction to afford. The equitable remedies requested by Plaintiff in the Superior Court action are also pleaded in the Court of Chancery action. Therefore, Defendant's "Motion for Partial Dismissal] of Plaintiff's First Amended Complaint" in the Superior

---

[1] The undersigned was designated to sit as Vice Chancellor on the Court of Chancery "for the purpose of hearing and deciding all issues" in the Court of Chancery action by Delaware Chief Justice Leo E. Strine, Jr. on May 3, 2017.

Court is **GRANTED.** As Defendant's Motion to Dismiss Plaintiff's First Amended Complaint does not seek to dismiss Plaintiff's claim for a declaratory judgment, that claim remains in the Superior Court.

The Court also finds that Plaintiff's claim for breach of contract and the accompanying remedy of equitable rescission have been adequately pleaded in the Court of Chancery action. However, this Court finds that Plaintiff's request for a declaratory judgment in the Court of Chancery is duplicative of its claim for a declaratory judgment in the Superior Court. Accordingly, Plaintiff's claim for a declaratory judgment in the Court of Chancery is moot, as an adequate remedy at law exists in the Superior Court. Additionally, this Court finds that Plaintiff's request for injunctive relief would afford, in effect, the same relief as that which would be afforded by a potential favorable outcome of the declaratory judgment claim pending in the Superior Court. As Delaware law provides that claims for a declaratory judgment and injunctive relief cannot exist simultaneously if they would afford the same remedy, Plaintiff's claim for injunctive relief must be dismissed. Accordingly, this Court **GRANTS IN PART** Defendant's Motion to Dismiss Plaintiff's Verified Complaint in the Court of Chancery.

With respect to Defendant's alternative Motion to Stay the Court of Chancery Action pending a resolution of the Superior Court Action, the Court finds that this motion is now moot given that the cases were consolidated on May 30, 2017, and given that the Superior Court trial scheduling order was vacated following the consolidation. Accordingly, Defendant's Alternative Motion to Stay the Court of Chancery Action is **DENIED AS MOOT.**

Thus: Defendant's Motion for Partial Dismissal (i.e., Count II–Breach of Contract and its requested remedy of equitable rescission) of Plaintiff's First Amended Complaint in the Superior Court is **GRANTED**. Count I in Plaintiff's Complaint in the Superior Court remains. Defendant's Motion to Dismiss Plaintiff's Verified Complaint in the Court of Chancery is **GRANTED** insofar as it pertains to Plaintiff's claims for a declaratory judgment (Count II) and a permanent injunction (Count III). Defendant's Motion is **DENIED** as it pertains to Plaintiff's claim for Breach of Contract (Count I) and its requested remedy of equitable

rescission in the Court of Chancery. Defendant's alternative Motion to Stay the Court of Chancery action is **DENIED AS MOOT**.

## II. FACTS AND PROCEDURAL HISTORY[2]

The instant litigation relates to a "Cross Easement Agreement" (the "Agreement") entered into by the parties on or about July 10, 2007.[3] The agreement appears to establish three related rights for the parties: (1) Defendant's right of access over Plaintiff's property to access a shared parking lot behind the properties; (2) Plaintiff's right to use parking spaces behind Defendant's property; and (3) Defendant's right to use parking spaces behind Plaintiff's property. Plaintiff alleges in its complaint that the Agreement "was entered into for the sole purpose of providing access and parking for the Properties."[4] Additionally, the Agreement provides that the easement "may not be modified, changed, or supplemented, nor may any obligations and rights be waived, except by written instrument signed by the party to be charged or by its agent duly authorized in writing and then only to the extent set forth in such instrument."[5]

In March 2011, Defendant submitted an application to the City of Newark to redevelop its property. Plaintiff voiced its objections to the application on grounds that the redevelopment project would cause Defendant to violate its obligations under the Agreement. On March 14, 2016, Defendant received approval for its redevelopment project. Plaintiff alleges that Defendant has made no effort to amend the Agreement to accommodate its redevelopment project.

---

[2] These facts are viewed in the light most favorable to the Plaintiff, as required under Superior Court Civil Rule 12(b) and Court of Chancery Rule 12(b).

[3] Prior to Plaintiff's filing of its Superior Court action, the parties litigated similar issues before the Board of Adjustment regarding the City of Newark's approval of Defendant's redevelopment plan. *See Schlosser & Dennis, LLC v. City of Newark Bd. of Adjustment*, 2016 WL 2766119 (Del. Super. May 9, 2016) (holding that the affected property owner, Traders, was an indispensible party to an appeal from the Board of Adjustment, and granting the Board's motion to dismiss the appeal); *Traders Alley, LLC v. City of Newark Bd. of Adjustment*, 2015 WL 4722978 (Del. Ch. Aug. 7, 2015) (holding that Traders had not adequately challenged an order from the Chairman of the Board of Adjustment, warranting the Court of Chancery's grant of an expedited proceeding and a temporary restraining order).

[4] Pl.'s Verified Compl. ¶ 18.

[5] Pl.'s Verified Compl., Ex. A, at 3.

Plaintiff contends that the redevelopment project will violate the Agreement in two ways. First, Plaintiff contends that construction activities (e.g., "storage and ingress and egress of construction equipment, vehicles, supplies and materials[6]) will violate the terms of the Agreement. Second, Plaintiff contends that Defendant's post-construction use of the property will violate the Agreement and cause damage to Plaintiff.

On May 19, 2016, Plaintiff filed a Complaint in the Superior Court. Plaintiff's Complaint asserted one count that requested a declaratory judgment that Defendant may not move forward with its redevelopment plan and construction intentions, that the redevelopment implementation of the plan would violate the Agreement, and that Defendant "shall not interfere with [Plaintiff's] rights to park in the Parking Lot Area, as described in the [Agreement]."[7] On November 28, 2016, Defendant filed a counterclaim in which it requests a declaratory judgment that its implementation of the redevelopment plan would not violate the parties' rights under the Agreement. This is a non-jury action.

Plaintiff subsequently moved to amend its complaint to include a count of Breach of Contract. The Court granted Plaintiff's motion, over Defendant's opposition, and Plaintiff's First Amended Complaint was filed on December 2, 2016. Plaintiff's First Amended Complaint added one count alleging Breach of Contract, and requested in its prayer for relief that the Court find the Agreement "null and void" and to enjoin Defendant from proceeding with its construction plans.[8]

Defendant filed its Motion to Dismiss Plaintiff's First Amended Complaint on January 9, 2017, arguing, *inter alia*, that the Court did not have subject matter jurisdiction over Plaintiff's claims for relief sounding in equity. Argument on Defendant's Motion to Dismiss Plaintiff's First Amended Complaint was heard on March 8, 2017.

---

[6] Pl.'s Verified Compl. ¶ 44.
[7] Pl.'s Compl. at 7.
[8] Pl.'s First Am. Compl. at 14, 18.

5

On April 7, 2017, Plaintiff filed its Verified Complaint in the Court of Chancery. The Court of Chancery action was originally assigned to a Vice Chancellor, but was subsequently reassigned to the undersigned after Chief Justice Strine designated him a Vice Chancellor for the Court of Chancery action on May 3, 2017. Plaintiff's complaint in the Court of Chancery alleged essentially the same substantive facts, and asserted three counts: (1) breach of contract, (2) a declaratory judgment action, and (3) a permanent injunction. Plaintiff also requested that the Court order the equitable rescission of the Agreement. Defendant filed its Motion to Dismiss or Stay Plaintiff's Verified Complaint on May 15, 2017. On May 30, 2017, the Court granted Plaintiff's Motion to consolidate the two actions and heard argument on Defendant's Motion to Dismiss or Stay Plaintiff's Verified Complaint in the Court of Chancery.[9] A trial date of April 23, 2018 has been set on all Superior Court and Court of Chancery claims and counterclaims in this consolidated case.

## III. PARTIES' CONTENTIONS

### A. *Defendant's Contentions*

#### 1. The Superior Court Action

Defendant contends that Plaintiff's First Amended Complaint in the Superior Court should be dismissed insofar as it relates to Plaintiff's claims for breach of contract, injunctive relief, and equitable rescission. With respect to the breach of contract claim, Defendant asserts that Plaintiff's claim is not "ripe," as "no [] development is alleged to have occurred[,]" and "it is clear that there is no ripe claim for money damages."[10] Defendant further argues that the Superior Court lacks subject matter jurisdiction to hear Plaintiff's claims for a permanent injunction and equitable rescission, and that the claims should therefore be dismissed. Defendant has not moved to dismiss Plaintiff's plea for a declaratory judgment.

---

[9] On May 30, the Court also requested that counsel for the parties meet to develop a stipulation simply of facts, procedural history, and restated contentions. However, counsel were unable to come to such an agreed upon stipulation.

[10] Def.'s Mot. to Dismiss Pl.'s First Am. Compl. at 2.

## 2. The Court of Chancery Action

Defendant has also moved to dismiss Plaintiff's Verified Complaint in the Court of Chancery in its entirety. Defendant asserts that adequate remedies at law exist for the Breach of Contract and Declaratory Judgment causes of action in the Verified Complaint, and that the Court of Chancery therefore lacks subject matter jurisdiction over those claims. Additionally, Defendant argues that "[t]he prosecution of the Breach [of Contract claim] and the [declaratory judgment] claim in the prior filed Superior [Court] [a]ction forecloses [the Court of Chancery] from exercising jurisdiction over the exact same claims in [the Court of Chancery action].[11] In a final point on the breach of contract claim in the Court of Chancery, Defendant asserts that it should be dismissed because Plaintiff has conceded that "it may avail itself of the remedy of money damages[, which] constitutes a tacit admission that it has an adequate remedy at law, thereby divesting this Court of equitable jurisdiction."[12]

Defendant further asserts that Plaintiff's claim for a permanent injunction should be dismissed. Arguing pursuant to Court of Chancery Civil Rule 12(b)(6), Defendant contends that "the Verified Complaint does not adequately plead the elements of Irreparable Harm or Balance of Harms." Moreover, Defendant contends that the Court of Chancery lacks subject matter jurisdiction to consider a claim for injunctive relief, as "the true relief sought by [Plaintiff] is available at law."[13] Defendant also submits that a permanent injunction "is [not] needed to enforce a judgment on the [Declaratory Judgment] Claim in the Superior [Court] [a]ction" as "[t]here is no evidence that [Defendant] would decline to abide by a Declaratory Judgment to be issued in the Superior [Court] [a]ction."[14] Accordingly, Defendant argues that Plaintiff's claim for injunctive relief should be dismissed.

Lastly, Defendant contends that Defendant's claim for equitable rescission should also be dismissed. Defendant asserts that "it is well-settled that a claim for Equitable Rescission is founded upon Fraud, Misrepresentation, or Mistake, which

---

[11] Def.'s Mot. to Dismiss Pl.'s Verified Compl. at 4.
[12] *Id.*
[13] *Id.* at 6.
[14] *Id.*

must be alleged in order for such a claim to be properly pled." Defendant argues that Plaintiff's Verified Complaint does not contain any allegation related to fraud, misrepresentation, or mistake, and should therefore be dismissed for failure to state a claim upon which relief can be granted under Court of Chancery Rule 12(b)(6).

Alternatively, Defendant requests that the Court stay Plaintiff's action pending in the Court of Chancery pending a resolution of the Superior Court action. Defendant contends that

> if [Defendant] prevails in the Superior [Court] [a]ction, then there will be no need to litigate [the Court of Chancery] action at all—the Plaintiff would not be able to prove Actual Success on the Merits, which is the first element of a Permanent Injunction claim. An[d] even if [Plaintiff] prevails in the Superior [Court] [a]ction, an enforceable judgment will be entered so as to obviate the need for injunctive relief.[15]

## B. *Plaintiff's Contentions*

### 1. The Superior Court Action

In opposition to Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, Plaintiff contends that its breach of contract claim is ripe for judicial action. Plaintiff argues that, under Delaware law, "a dispute will be deemed ripe if litigation sooner or later appears to be unavoidable and where the material facts are static."[16] Moreover, Plaintiff contends that "[b]y not first amending the easement [to permit implementation of Defendant's redevelopment plan], [Defendant's] redevelopment efforts breached the easement."[17] Accordingly, Plaintiff contends that Defendant has repudiated the easement through its decision to formulate and receive approval of a redevelopment plan, and that Plaintiff is therefore entitled to treat such repudiation as a breach of the Agreement, making the action ripe for judicial action.[18]

---

[15] *Id.* at 10.
[16] Pl.'s Resp. to Def.'s Mot. to Dismiss Pl.'s First Am. Compl. at 3.
[17] *Id.* at 6.
[18] *Id.*

## 2. The Court of Chancery Action

Plaintiff contends that Defendant's Motion to Dismiss Plaintiff's Verified Complaint should be denied. With respect to Defendant's claim that Plaintiff's equitable rescission claim should be dismissed, Plaintiff asserts that "equitable rescission, or cancellation, is a form of remedy that provides equitable relief beyond a judicial declaration of contract invalidity or award of money or property and seeks to restore the plaintiff to his original condition."[19] Accordingly, Plaintiff asserts that, as equitable rescission is therefore a remedy for breach of contract, its prayer for equitable rescission as a remedy is appropriately pleaded given its claim for breach of contract.

Plaintiff also contends that its claim for injunctive relief should not be dismissed. First, Plaintiff argues that "[s]ince the Declaratory Judgment Act's adoption, [the Court of Chancery] has regularly considered simultaneous claims for declaratory and injunctive relief."[20] Second, Plaintiff asserts that it has properly pleaded the elements of injunctive relief, and that adequate remedy at law does not exist despite its claim for monetary damages in the Superior Court action. Plaintiff submits that although "Plaintiff has also sought money damages, which may not amount to more than a nominal award, [that] is in no way an admission that money damages constitutes an adequate remedy or [is] the sole remedy."[21] With respect to the "balance of the equities" element of injunctive relief, Plaintiff contends that the "Complaint reveals pled facts that more than satisf[y] the minimal notice pleading standard."[22] Accordingly, Plaintiff contends that its claims for equitable rescission and injunctive relief in the Verified Complaint should not be dismissed.

Finally, Plaintiff contends that the Court of Chancery has jurisdiction to hear Plaintiff's claim for breach of contract. Plaintiff asserts that a remedy at law on the breach of contract claim would not afford "full, fair and complete relief," and

---

[19] Pl.'s Resp. to Def.'s Mot. to Dismiss Pl.'s Verified Compl. at 6 (internal quotations omitted) (quoting Donald J. Wolfe, Jr. & Michael A. Pittenger, *Corporate and Commercial Practice in the Delaware Court of Chancery*, § 12.04[a] at 12-61–12-62 (Matthew Bender & Co., 2014)).

[20] *Id.* at 9.

[21] *Id.* at 11.

[22] *Id.*

argues that the remedy of equitable rescission would afford them "complete, fair, and adequate relief."[23] Moreover, Plaintiff contends that the Court of Chancery has authority to award money damages under the clean-up doctrine if they were to be requested by Plaintiff.

Plaintiff also opposes Defendant's alternative motion to stay the Court of Chancery Action pending resolution of the Superior Court action. Plaintiff contends that although the Court of Chancery action "may be mooted by resolution of the Superior Court action[,] . . . "it also is true that it may not be mooted" if the Superior Court action is resolved in favor of Plaintiff. Plaintiff suggests that a bifurcation of the "two related actions that are contested by the same parties and pending before the same judicial officer" would not promote judicial economy.[24]

Finally, Plaintiff has asserted that it "has no intent or desire to pursue duplicative claims in separate Courts." Accordingly, the Court will dismiss duplicative claims, and will leave one of the duplicative claims in whichever Court has proper subject matter jurisdiction.

## IV. DISCUSSION

### A. *Standard of Review*

The standards of review on a motion to dismiss in the Superior Court and in the Court of Chancery are very similar. In the Superior Court, "the Court must assume all well-pleaded facts in the complaint to be true."[25] For purposes of a Motion under Rule 12(b)(6),

> all factual allegations of the complaint are accepted as true. A complaint will not be dismissed under Superior Court Civil Rule 12(b)(6) unless it appears to a certainty that under no set of facts which could be proved to support the claim asserted would the plaintiff be entitled to relief. Therefore, the Court must determine whether a plaintiff may recover

---

[23] Pl.'s Resp. to Def.'s Mot. to Dismiss Pl.'s Verified Compl. at 12.

[24] *Id.* at 13-14.

[25] *Read v. Carpenter*, 1995 WL 945544, at *1 (Del. Super. June 8, 1995).

10

under any reasonably conceivable set of circumstances susceptible of proof under the complaint.[26]

Similarly, in the Court of Chancery, the Court must again "accept all well-pleaded factual allegations in the Complaint—including vague allegations so long as they provide sufficient notice of the claim—and draw all reasonable inferences in favor of the plaintiff." "The Court is not, however, required to accept conclusory allegations or inferences not logically linked to the alleged facts. . . . Therefore, the Court will deny Defendant's motion to the extent that any of Plaintiff's claims are reasonably conceivable."[27]

## B. *Plaintiff's Claim for Breach of Contract is Dismissed in the Superior Court, but Remains in the Court of Chancery*

Defendant contends that Plaintiff has failed to plead a breach of contract action because no damages have accrued, as Defendant has not yet begun construction on its redevelopment plan. In response, Plaintiff contends that its claim is one of anticipatory repudiation, and that it is entitled to treat such repudiation as an immediate breach. The Court finds that Plaintiff has adequately pleaded a claim for breach of contract, and that, as Plaintiff is seeking an equitable remedy, the Superior Court is without jurisdiction to afford such a remedy. Accordingly, the Superior Court claim for breach of contract is dismissed while the Court of Chancery claim for breach of contract remains.

Under general principles of contract law, an anticipatory repudiation gives rise to an immediate claim for total breach of contract damages against the repudiating party.[28] The Delaware Supreme Court has previously looked to the Restatement (Second) of Contracts for a definition of "repudiation."[29] The Restatement (Second) of Contracts defines "repudiation," in relevant part, as "a

---

[26] *Highland Capital Mgmt., L.P. v. T.C. Grp., LLC*, 2006 WL 2128677, at *2 (Del. Super. July 27, 2006) (internal quotations omitted).
[27] *Seiden v. Kaneko*, 2015 WL 7289338, at *5 (Del. Ch. Nov. 3, 2015) (internal quotations omitted).
[28] Restatement (Second) of Contracts, § 243(2) (providing that "a breach by non-performance accompanied or followed by a repudiation gives rise to a claim for damages for total breach.").
[29] *Citi Steel USA, Inc. v. Connell Ltd. Partnership*, 758 A.2d 928, 931 (Del. 2000).

11

voluntary affirmative act which renders the obligor unable or apparently unable to perform without such a breach."[30] Section 250 of the Restatement further defines the nature of an act that constitutes a repudiation: "In order to constitute a repudiation, a party's act must be both voluntary and affirmative, and must make it actually or apparently impossible for him to perform."[31] Moreover, Delaware law provides that "[a]n anticipatory repudiation constitutes a breach."[32]

Plaintiff alleges that Defendant has repudiated the contract in two ways. First, Plaintiff alleges that Defendant's intention to perform "construction activities" on the encumbered properties would require construction vehicles to use the right of access provided by the Agreement, and that construction vehicles and equipment would be stored on the encumbered property. Plaintiff contends that such use would make it impossible for Defendant to perform its obligation to use the right of access and parking area for the purpose described in the Agreement.[33] Second, and alternatively, Plaintiff alleges that such activities require an amendment to the Agreement, as the Agreement provides that the "Easement is for parking, ingress, and egress only."[34] Despite Plaintiff's concerns regarding a violation of the easement, Plaintiff alleges that Defendant has made "no attempt whatsoever to amend the [Agreement] to accommodate the Plan."[35] Accordingly, Plaintiff claims that Defendant has anticipatorily repudiated the agreement because of its affirmative step in "obtain[ing] approval of its plan" from the City of Newark, and is therefore in breach of the Agreement.[36]

Accepting the factual allegations of Plaintiff's complaint as true, the Court finds that Plaintiff has adequately pleaded a claim for breach of contract in the Court of Chancery under the theory of anticipatory repudiation. Plaintiff has

---

[30] Restatement (Second) of Contracts, § 250(b).
[31] Restatement (Second) of Contracts, § 250, Comment c.
[32] *Cochran v. Denton*, 1991 WL 220547, at *1 (Del. Ch. Oct. 28, 1991). *See also Carteret Bancorp, Inc. v. Home Grp., Inc.*, 1988 WL 3010, at *6 (Del. Ch. Jan. 13, 1988) (providing that a claim for breach of contract can be made under a theory of repudiation when the repudiation is "positive and unconditional").
[33] Pl.'s Verified Compl. at 18.
[34] Pl.'s Verified Compl., Ex. A, at 2.
[35] Pl.'s Verified Compl. at 18-19.
[36] Pl.'s First Am. Compl. ¶¶ 51-59.

12

satisfactorily pleaded that Defendant has made substantial steps towards implementing its redevelopment plan. Plaintiff has also satisfactorily alleged that Defendant will use the property encumbered by the easement for a purpose that is beyond "parking, ingress, and egress." As Plaintiff's allegations illustrate that Defendant has (1) received approval of its plan and (2) shown no intention of amending the Agreement to provide for "construction activities," Plaintiff has adequately pleaded that Defendant has made a "voluntary and affirmative" act that will make it "impossible for [Defendant] to perform" his contractual obligation to use the right of access and parking area for "parking, ingress, and egress only." Accepting Plaintiff's allegation that Defendant will use the encumbered property for the transportation and storage of construction vehicles and equipment as true, the implementation of Defendant's plan would make it impossible for Defendant to perform his duties under the Agreement. Accordingly, Plaintiff has adequately pleaded that Defendant has breached the contract through repudiation, and Defendant's motion to dismiss this claim in the Court of Chancery is denied.

Because Plaintiff requests equitable rescission, rather than rescission at law, as the potential remedy for Defendant's alleged breach of the Agreement, the Superior Court does not have jurisdiction over such an equitable remedy.[37] Although Defendant suggests that Plaintiff has conceded that "it may avail itself of the remedy of money damages," the Court of Chancery has the authority to afford such damages under the well-established clean-up doctrine.[38] However, the Court notes that Plaintiff has not yet made any explicit claim for monetary damages, but may envision them as part of the package of "complete and final relief" that could potentially be afforded if the outcome of this case is decided in its favor.[39] As the Court of Chancery has original jurisdiction over Plaintiff's claim for breach of

---

[37] *See E.I. DuPont de Nemours and Co. v. HEM Research, Inc.*, 1989 WL 122053, at *3 (Del. Ch. Oct. 13, 1989) (providing that "[a] court of law may, upon adjudication of a contract dispute, determine, where the elements of the claim are proven, that a contract has been rescinded, and enter an order restoring plaintiff to his original condition by awarding money or other property of which he had been deprived."

[38] *Wilmont Homes, Inc. v. Weiler*, 202 A.2d 576, 580 (Del. 1964) (providing that "when equity obtains jurisdiction over some portion of the controversy it will decide the whole controversy and give complete and final relief, even though that involves the grant of a purely law remedy such as a money judgment.").

[39] Pl.'s Resp. to Def.'s Mot. to Dismiss Pl.'s Verified Compl. at 12.

contract and with its requested remedy of equitable rescission, the Court of Chancery may also potentially afford money damages (though Plaintiff has made no explicit prayer for them in either action) under the clean-up doctrine. Accordingly, the surviving breach of contract claim will be the one set forth in Plaintiff's Verified Complaint in the Court of Chancery. Plaintiff's claim for breach of contract and equitable rescission is therefore dismissed in the Superior Court action.[40]

C. *Plaintiff's Claim for a Permanent Injunction is Dismissed, as the Potentially Remedy would Afford the Same Relief as a Potentially Favorable Declaratory Judgment in the Superior Court*

Defendant has moved to dismiss Plaintiff's claim for a permanent injunction in the Court of Chancery action. Plaintiff is seeking a permanent injunction to prevent Defendant from using the right of access or parking area for construction activities. Defendant argues that Plaintiff's claim for injunctive relief should be dismissed on two grounds. First, Defendant contends that Plaintiff's request for a permanent injunction should be dismissed because an adequate remedy at law exists in the form of a declaratory judgment, thereby depriving the Court of Chancery of subject matter jurisdiction over the claim. Second, Defendant asserts that Plaintiff's Verified Complaint does not meet the requisite pleading standard for injunctive relief. The Court finds that Defendant's argument that the Court of Chancery lacks subject matter jurisdiction over Plaintiff's claim for injunctive relief is meritorious. Accordingly, the Court does not reach Defendant's contention that Plaintiff has not adequately pleaded a claim for a permanent injunction.

---

[40] Additionally, at oral argument on Plaintiff's Motion to Consolidate, after the Court granted Plaintiff's motion, Plaintiff's counsel advised the Court that Plaintiff had changed its position and that Plaintiff now wished to proceed with its claims in the Court of Chancery action first and before presenting its claims in the Superior Court action. The Court denied this application because it had just consolidated the two actions.

14

"In determining whether this Court has subject matter jurisdiction over an asserted claim, the Court must look solely upon the allegations of the complaint and [make] a determination of what the plaintiff really seeks by the complaint."[41]

The Court of Chancery "is a court of limited subject matter jurisdiction. By statute, the Court is conferred with subject matter jurisdiction to hear and adjudicate all matters and causes in equity; it may not, however, exercise its subject matter jurisdiction where an adequate remedy of law is available."[42] As Chancellor William Allen noted in 1987,

> Chancery jurisdiction is not conferred by the incantation of magic words. Neither the artful use nor the wholesale invocation of familiar Chancery terms in a complaint will excuse the court . . . from a realistic assessment of the nature of the wrong alleged and the remedy available in order to determine whether a legal remedy is available and fully adequate. If a realistic evaluation leads to the conclusion that an adequate legal remedy is available this court, in conformity with the command of section 342 of title 10 of the Delaware Code will not accept jurisdiction over the matter.[43]

For a remedy at law to prevail over a claim for an equitable remedy, "the remedy at law must be available as a matter of right; full fair and complete; and as practical and efficient to the ends of justice s the equitable remedy."[44]

In the recent case of *Green v. GEICO Gen. Ins. Co.*, the Court of Chancery addressed an issue of the Court's subject matter jurisdiction similar to the one in this case. *Green* consisted of a contractual dispute between the plaintiff and the defendant, GEICO. The plaintiff wished to enjoin GEICO from implementing various rules that would allegedly cause GEICO to "breach[] its contracts of insurance with its insured or violate[] the applicable provisions of Delaware's PIP statute.[45] The Court of Chancery held that "[a] declaration that either the insurance

---

[41] *U-H Acquisition Co. v. Barbo*, 1994 WL 34688, at *5 (Del. Ch. Jan. 31, 1994).

[42] *Green v. GEICO Gen. Ins. Co.*, 2017 WL 438230, at *1 (Del. Ch. Feb. 1, 2017).

[43] *McMahon v. New Castle Assocs.*, 532 A.2d 601, 603 (Del. Ch. 1987).

[44] *USH Ventures v. Global Telesystems Group, Inc.*, 796 A.2d 7, 14-15 (Del. Super. 2000).

[45] *Green*, 2017 WL 438230, at *1.

policies at issue or the applicable statute(s) do not permit GEICO to employ the [contested rules] would not require an accompanying injunction. There is no indication that GEICO would refuse to abide by a final declaratory judgment to this effect."[46] "Moreover, [the] Plaintiffs would have remedies available in the Superior Court to compel compliance, including a contempt citation, in the unlikely event that GEICO demonstrated any reluctance to comply fully with the Superior Court's order(s)."[47] The Court of Chancery found that "the true nature of [the] action [was] contractual; and complete relief [was] available at law," and dismissed the plaintiff's claim for injunctive relief.

In this case, like the plaintiff in *Green*, Plaintiff has an adequate remedy at law. Having examined Plaintiff's declaratory judgment action and Plaintiff's claim for a permanent injunction, it appears that a favorable outcome on both claims for Plaintiff would afford the same relief. The declaratory judgment action seeks a declaration that implementation of Defendant's redevelopment plan would violate the Agreement. Defendant has represented that it will comply with an order from the Court declaring that its redevelopment plan would violate the Agreement, and abstain from performing the construction. The injunctive relief sought by Plaintiff would provide the same remedy by "preventing Defendant from moving forward with its [redevelopment] Plan."[48] To grant Plaintiff's request for injunctive relief, the Court would have to make a determination, as the Court did in *Green*, that Defendant had breached its contract with Plaintiff. Accordingly, it is apparent that Plaintiff's claim is contractual in nature, and a declaratory judgment action is the proper vehicle for pursuing Plaintiff's claim.

Plaintiff's contention that the Court of Chancery "regularly consider[s] simultaneous claims for declaratory and injunctive relief" is without merit.[49] Plaintiff has cited four cases in support of its position;[50] however, the claims for

---

[46] *Id.* at *2.

[47] *Id.*

[48] Pl.'s Verified Compl. at 20.

[49] Pl.'s Resp. to Def.'s Mot. to Dismiss Pl.'s Verified Compl. at 9.

[50] *I/Mx Info. Mgmt. Solutions, Inc. v. MultiPlan, Inc.*, 2013 WL 3322293 (Del. Ch. June 28, 2013); *American Legacy Foundation v. Lorillard Tobacco Co.*, 2002 WL 927383 (Del. Ch. Apr. 29, 2002); *University Relaty Assocs., L.P. v. Wendy's Old Fashioned Hamburgers of New York,*

declaratory relief and injunctive relief were substantially different in each case. For example, in *University Realty Assocs., L.P. v. Wendy's Old Fashioned Hamburgers of New York, Inc.*, the Court of Chancery permitted simultaneous claims for injunctive and declaratory relief.[51] However, the relief sought in each claim would have provided different remedies. The plaintiff was a property owner who wished to bring a new restaurant into its shopping plaza. The defendant, also a restaurant, claimed that its contract with the plaintiff prevented the plaintiff from leasing space to another restaurant. The injunction sought would have prevented the defendant from interfering with contractual relationships, and the declaratory judgment action would have declared the obligations of the parties with respect to the "use restriction clause" of the lease agreement between the plaintiff and the defendant. As the remedies afforded by the declaratory judgment action and the claim for a permanent injunction in this case are substantially the same, Plaintiff's reliance on *University Realty Assocs., L.P.* is inapposite.

Moreover, Plaintiff's reliance on *Diebold Computer Leasing, Inc. v. Commercial Credit Corp.* is inapposite, as the rule established in that case supports this Court's decision in this case. Plaintiff asserts that the Supreme Court held in *Diebold* that "the Declaratory Judgment Act's statutory creation of subject matter jurisdiction 'in another court and a remedy elsewhere that may be adequate,' *but is not the same* was insufficient 'for the ouster of equity jurisdiction.'"[52] Indeed, the Delaware Supreme Court held that the Court of Chancery's "jurisdiction remains . . . unless the new remedy [under the Declaratory Judgment Act] is equivalent and is expressly made exclusive in the other tribunal."[53] As the injunctive relief sought by Plaintiff would afford the same remedy as the declaratory judgment that it seeks, and as the exclusive jurisdiction for Plaintiff's declaratory judgment action is in the Superior Court, the Court of Chancery lacks subject matter jurisdiction over Plaintiff's claim for injunctive relief. Accordingly, Defendant's motion to dismiss Plaintiff's claim for a permanent injunction is granted.

---

*Inc.*, 1992 WL 56802, (Del. Ch. Mar. 19, 2002); *Diebold Computer Leasing, Inc. v. Commercial Credit Corp.*, 267 A.2d 586, 591 (Del. 1970).
[51] 1992 WL 56802, at *1 (Del. Ch. Mar. 19, 1992).
[52] Pl.'s Resp. to Def.'s Mot. to Dismiss Pl.'s Verified Compl. at 9.
[53] *Diebold Computer Leasing, Inc.*, 267 A.2d 586, 591 (Del. 1970).

As previously stated, because the Court has dismissed Plaintiff's claim for injunctive relief on grounds that the Court of Chancery does not have subject matter jurisdiction over it, the Court does not reach Defendant's contention regarding adequate pleading.

D. *Plaintiff's Claim for Equitable Rescission as a Remedy is Adequately Pleaded*

Defendant contends that Plaintiff's claim for equitable rescission should be dismissed because Plaintiff has failed to assert such a claim "in the body of the Verified Complaint."[54] Defendant asserts that the request for equitable rescission in Plaintiff's prayer for relief is inadequate to permit the Court to order such relief, as such a claim must meet the pleading standards of Court of Chancery Rule 8(a)(1). Moreover, Defendant argues that a claim for equitable rescission "must be based upon the grounds of Fraud, Misrepresentation, or Mistake."[55] In response, Plaintiff contends that equitable rescission is an available remedy for breach of contract even in the absence of fraud, misrepresentation, or mistake. Plaintiff further contends that "Delaware law does not require a plaintiff to assert a claim for equitable rescission separate and apart from breach of contract," as it is a remedy for such a breach.[56]

The Court finds that Plaintiff has adequately presented its request for equitable rescission in its prayer for relief. The Court of Chancery discussed the doctrine of equitable rescission at length in *E.I. du Pont de Nemours and Co. v. HEM Research, Inc.*:

> Equitable rescission . . . , which is otherwise known as cancellation, is a *form of remedy* in which, in addition to a judicial declaration that a contract is invalid and a judicial award of money or property to restore plaintiff to his original condition is made, further equitable relief is required. Thus, *the remedy of equitable rescission* typically requires that the court cause an instrument, document, obligation or other matter affecting plaintiff's rights and/or liabilities to be set aside and annulled,

---

[54] Def.'s Mot. to Dismiss Pl.'s Verified Compl. at 7.
[55] *Id.* at 8.
[56] Pl.'s Resp. to Def.'s Mot. to Dismiss Pl.'s Verified Compl. at 6.

thus restoring plaintiff to his original position and reestablishing title or recovering possession of property.[57]

A request for equitable rescission is essentially a request for a remedy. Although Defendant has suggested that Plaintiff must plead his request for equitable rescission as its own distinct cause of action, and must meet the pleading requirements of Court of Chancery Rule 8(a)(1), Defendant has cited no authority to support this position. Nor has the Court found any authority to support Defendant's position that a request for the remedy of equitable rescission must meet the pleading standard of Rule 8(a)(1). To the contrary, the Court of Chancery has held that "[r]escission is not a cause of action but a *remedy*."[58] The Superior Court has also noted the same.[59] As Delaware law has established that equitable rescission is a remedy, Plaintiff's request for equitable rescission must only meet the requirements of Rule 8(a)(2), requiring that a plaintiff make "a demand for judgment for the relief to which the party deems itself entitled."[60] As Plaintiff has sufficiently demanded such relief in its prayer for relief, Defendant's first argument is without merit.

Defendant's reliance on *Norton v. Poplos*[61] for the proposition that a claim for equitable rescission must be "based upon the grounds of fraud, misrepresentation, or mistake" is inapposite. *Norton* provides that fraud, misrepresentation, and mistake are only "common grounds for rescission."[62] *Norton* does not say that fraud, mistake, and misrepresentation are the exclusive grounds for which equitable rescission may be sought.

The Court of Chancery has previously entertained prayers for equitable rescission in conjunction with claims for breach of contract. "Misrepresentation,

---

[57] *E.I. du Pont de Nemours and Co. v. HEM Research, Inc.*, 1989 WL 122053, at *3 (Del. Ch. Oct. 13, 1989) (emphasis added).

[58] *Eni Holdings, LLC v. KBR Grp. Holdings, LLC*, 2013 WL 6186326, at *24 (Del. Ch. Nov. 27, 2013) (emphasis added).

[59] *Deutsche Bank Nat'l Trust Co. v. Goldfeder*, 2014 WL 7692441, at *1 (Del. Super. Dec. 9, 2014) (stating that "rescission is itself a remedy, not a cause of action.").

[60] Court of Chancery Rule 8(a)(2).

[61] 443 A.2d 1, 4 (Del. 1982).

[62] *Id.*

mistake, and breach of fiduciary duty are perhaps the most commonly asserted bases for rescission in the Court of Chancery, although other grounds that may support the remedy include misconduct, illegality, duress and/or undue influence, lack of capacity or incompetence, failure of consideration, unconscionability, *and even breach of contract*."[63]  For example, in *Sheehan v. Hepburn*, the Court of Chancery held that "an unjustified failure to perform basic terms of a contract warrants rescission rather than mere damages."[64]  Accordingly, Delaware law provides that a claim for equitable rescission can be based on grounds other than fraud, misrepresentation, or mistake, including breach of contract.  Defendant's second argument is therefore also without merit, and Defendant's motion to dismiss Plaintiff's claim for equitable rescission is denied.

### E. *Defendant's Alternative Motion to Stay the Court of Chancery Action was Mooted by the Consolidation of the Two Actions*

Finally, the Court finds that a stay of the Court of Chancery action is not warranted. Defendant contends that the Court of Chancery action should be stayed pending a resolution of the Superior Court action in order to "conserve resources and keep the Superior Court action on track."[65]  On May 30, 2017, the Court consolidated the Court of Chancery action with the Superior Court action. After granting Plaintiff's Motion to Consolidate, the Court requested the parties to submit a proposed amended trial scheduling order that would establish a new trial date of April 23, 2018.  As the trial scheduling order in the Superior Court action has been vacated and a new trial date has been set for April 23, 2018, Defendant's assertion that a stay would preserve the original November 13, 2017 trial date is now moot. Additionally, the Court sees no efficient purpose supporting a stay of the Court of Chancery action, thereby unnecessarily bifurcating the two trials, given that the claims in each case involve the same evidence and similar arguments.  By consolidating the actions, the motion to stay filed before the consolidation is no longer relevant, as the Court has already decided to proceed

---

[63] Donald J. Wolfe, Jr. & Michael A. Pittenger, *Corporate and commercial Practice in the Delaware Court of Chancery*, § 12.04[a] at 12-61–12-62 (Matthew Bender & Co., 2014).
[64] 138 A.2d 810, 812 (Del. Ch. 1958).
[65] Def.'s Mot. to Dismiss Pl.'s Verified Compl. at 9.  At the time, the Superior Court action was set for trial on November 13, 2017 (but subsequently was rescheduled to April 23, 2018).

with trial in both actions on April 23, 2018. Accordingly, Defendant's alternative Motion to Stay the Court of Chancery Action is denied as moot.

## V. CONCLUSION

Thus: Defendant's Motion for Partial Dismissal (i.e., Count II–Breach of Contract and its requested remedy of equitable rescission) of Plaintiff's First Amended Complaint in the Superior Court is **GRANTED**. Count I in Plaintiff's Complaint in the Superior Court remains. Defendant's Motion to Dismiss Plaintiff's Verified Complaint in the Court of Chancery is **GRANTED** insofar as it pertains to Plaintiff's claims for a declaratory judgment (Count II) and a permanent injunction (Count III). Defendant's Motion is **DENIED** as it pertains to Plaintiff's claim for Breach of Contract (Count I) and its requested remedy of equitable rescission in the Court of Chancery. Defendant's alternative Motion to Stay the Court of Chancery action is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

_____
Richard R. Cooch, R.J.

cc: Prothonotary